Andrea PETERSON, Appellant

v.

ARCHSTONE COMMUNITIES LLC, formerly known as Archstone–Smith Trust, also known as Archstone, Appellee.

No. 13–7034.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 27, 2015.

Andrea Peterson, Atlanta, GA, pro se.

Nancy North Delogu, Sarah Elizabeth Henninger, Littler Mendelson PC, Washington, DC, for Appellee.

BEFORE: GRIFFITH,
KAVANAUGH, and WILKINS, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and on the briefs filed by the parties, *see* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j), the motions for ap-

pointment of counsel, the motion for leave to file a motion for summary reversal, and the motion for reconsideration of the Clerk's order filed October 30, 2014, it is

**ORDERED** that the motions for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for reconsideration of the Clerk's order filed October 30, 2014, be denied. Appellant has not shown any error in the court's order. It is

**FURTHER ORDERED** that the motion for leave to file a motion for summary reversal be denied. As explained in the court's August 21, 2014 order, the deadline for filing dispositive motions had expired on September 9, 2013, and the court would not entertain an untimely motion for summary reversal. *See* 8/21/14 Order at 1. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed February 27, 2013, be affirmed. As an initial matter, appellant may not incorporate by reference into her opening brief arguments made in other submissions. *See Davis v. Pension Benefit Guar. Corp.,* 734 F.3d 1161, 1167 (D.C.Cir.2013) (declining to allow litigants to incorporate by reference into their brief arguments from a motion, "as this would circumvent the court's rules regarding the length of briefs") (internal citation omitted).

Turning to the merits, appellant has not shown that the district court erred in concluding that she failed to rebut the appellee's legitimate, non-discriminatory reasons for declining to hire her. *See Gilbert v. Napolitano,* 670 F.3d 258, 261 (D.C.Cir. 2012) (explaining that the "central inquiry" in an age discrimination case is whether the plaintiff has "produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory ... reason was not the actual reason and that the employer intentionally discriminated ... against the plaintiff on a prohibited basis") (internal quotation omitted). Appellant provides no support for her allegations that the appellee destroyed relevant evidence, nor has appellant demonstrated that the district court abused its discretion regarding discovery. *See generally Edmond v. U.S. Postal Serv. Gen. Counsel,* 949 F.2d 415, 425 (D.C.Cir.1991) ("[A] district court has broad discretion in structuring discovery....").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.